# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DAVID REESE,**

                                    **Plaintiff**

**v.**                                              **Civil Action No.**
                                                   **3:07CV480-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                                    **Defendant**

## ORDER

This matter is before the Court on plaintiff's motion to proceed without prepayment of fees.   Title 28 U.S.C. Sec. 1915 allows the "commencement ... of any suit ... without prepayment of fees or security therefor" upon a showing that "the person is unable to pay ... fees or give security therefor."  In the civil action at bar, the fees would consist primarily of the $350 filing fee.  In order to determine whether an applicant has the ability to pay that $350, the Court must consider the applicant's income, savings, valuable property, dependent responsibilities, debts and ongoing expenses.

In support of his application, he states that he is not currently employed, but he receives $2781.00 each month in Veterans Administration benefits.  He currently has a home valued at $76000, two vehicles with a combined value of $17250, and "other assets" of $6400.   He lists monthly expenses of $2315.04, and claims no dependents.

It has long been established that Section 1915(a) "does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a

1

potentially meritorious claim or foregoing the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948).  See also Potnick v. Eastern State Hospital, 701 F.2d 243 (2d Cir. 1983),  Jefferson v. U.S., 277 F.2d 723 (9th Cir. 1960).  In this case, however, plaintiff has presented no evidence to suggest that he is presented with such a choice.  He reports a monthly income of $2781, from which total household obligations of $2315 must be paid, leaving an uncommitted $466 each month.  Even without considering the value of the listed real estate and personal property, it is apparent that a $350 filing fee would not require plaintiff to choose between abandoning his claim or foregoing the necessities of life.

On the basis of the information provided, the Court concludes that plaintiff is able to prepay the filing fee.

IT IS ORDERED that plaintiff's application to proceed without prepayment of fees is denied, and he is directed to pay the filing fee within ten days of the date of this order to avoid dismissal of the action.