UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV480-J

DAVID A. REESE                                                                              PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of David Reese ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g) denying his claim to disability insurance benefits. After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

In November of 2005, Claimant filed application for disability insurance benefits, alleging that he became disabled as of March 15, 2005. After a hearing, Administrative Law Judge Patrick B. Kimberlin III ("ALJ") determined that Mr. Reese's degenerative joint disease of the right knee and asthma were severe impairments that prevented him from returning to any of his past relevant work. The ALJ further found that he retained the residual functional capacity for a significant number of jobs. This became the final decision of the Defendant when the Appeals Council denied review on July 13, 2007.

STANDARD OF REVIEW

The disability determination process consists of five steps. <u>Wyatt v. Secretary</u>, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

1. The claimant must not be engaged in substantial gainful activity.

2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

3. If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. <u>Lankford v. Sullivan</u>, 942 F.2d 301 (6th Cir. 1991).

4. The claimant must be unable to do his or her past relevant work.

5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. <u>Born v. Secretary</u>, 923 F.2d 1168 (6th Cir. 1990).

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner. <u>Elam v. Commissioner</u>, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. <u>N.L.R.B. v. Columbian Enameling and Stamping Co.</u>, 306 U.S. 292 (1939); <u>Foster v. Bowen</u>, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard

presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ committed legal error in the way he evaluated the testimony. While evaluating the credibility of witnesses is a matter entrusted to the ALJ, there are procedures that must be followed. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;
3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other

3

symptoms.

The ALJ justified his credibility assessment by pointing to the conservative and irregular treatment sought for asthma. Tr. 19.  He pointed to the claimant's admission that he had used his rescue inhaler only four times between a November 2005 appointment and a January 2006 follow-up appointment, when the physician noted that Mr. Reese's asthma was "well controlled on inhalers." Tr. 115.  The ALJ observed that plaintiff's breathing problems are not so severe as to interfere with a pack per day smoking habit. Tr. 20.  Although the ALJ noted that plaintiff's knee pain had not prevented him from working in the past, and although plaintiff admits he drives, cooks, and fishes 10-12 times per year, the ALJ gave the benefit of the doubt and limited plaintiff to sedentary work. Tr. 20.  The Court perceives no legal error in the ALJ's credibility analysis.  As there is substantial evidence to support the findings, the decision must be affirmed.

A judgment in conformity has this day entered.